**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|   |   |
|---|---|
| **JONELL C. HOPKINS,** | * |
| Plaintiff, | * |
| v. | * Case No.: PWG-13-1549 |
| **GREEN TREE SERVICING, LLC,** | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This Memorandum Opinion addresses Defendant Green Tree Servicing, LLC's Motion to Dismiss, ECF No. 9, and Memorandum of Law in Support, ECF No. 9-1.[1] The Clerk of the Court sent *pro se* Plaintiff Jonell C. Hopkins a letter, informing her that Defendant had filed a motion to dismiss, that Plaintiff had the right to respond to the motion within a specified time, and that, if Plaintiff did not respond within that time, the Court could "dismiss the case or enter judgment against [Plaintiff] without further notice." ECF No. 10. Plaintiff did not file a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. A hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated herein, Defendant's Motion is GRANTED.

**I.  BACKGROUND**

For purposes of considering Defendant's Motion, this Court accepts the facts that Plaintiff alleged in her Complaint as true. *See Aziz v. Alcoac*, 658 F.3d 388, 390 (4th Cir. 2011).

---

[1] Defendant also filed a Reply, even though Plaintiff did not file a response. ECF No. 10. Defendant does not present any substantive argument in its Reply.

Plaintiff filed her Complaint in the Circuit Court for Prince George's County as "a 'Qualified Written Request' in compliance with and under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605 (e) and Regulation X 24 C.F.R. 3500, and The Gramm Leach Bliley Act [('GLBA'), 15 U.S.C. §§ 6801–6809]." Compl. 1, ECF No. 2. As best I can discern, the Complaint concerns a mortgage on the Plaintiff's property. Plaintiff alleges:

> [I] have reason to believe that certain disclosures and documentation have been withheld in violation of the Truth in Lending Act (TILA) [15 U.S.C. §§ 1601–1693r] and that various Real Estate Settlement Procedures Act (RESPA) [12 U.S.C. §§ 2601–2617] loan servicing errors may have occurred. [I] have discovered an illegal document recorded against our property (Certificate of Satisfaction by MERS) and the document is fraudulent.

*Id.* Plaintiff requests "authenticated copies" of specific documents "relating to the loan number stated [in the Complaint]," *id.*, and "answers to questions concerning the servicing and accounting of this mortgage account from its inception to the present date," *id.* at 2. In her Complaint, Plaintiff poses twenty-five questions and two document requests to Defendant. *Id.* at 2–3. The Circuit Court for Prince George's County issued a Memorandum and Order of Court, noting that it was "unsure what exactly the plaintiff is requesting the court to do or what exact relief the plaintiff is requesting," and "strongly advis[ing]" Plaintiff "to seek the services of an attorney." ECF No. 4.

Defendant removed the case to this Court, ECF No. 1, and then filed the pending Motion to Dismiss. To date, Plaintiff has proceeded *pro se* and not asked the Court to appoint counsel for her.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency

of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at \*4 (discussing standard from *Iqbal* and *Twombly*). Notably, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

Of import, because "[*p*]*ro se* lawsuits . . . . represent the work of an untutored hand requiring special judicial solicitude," the Court must "construe *pro se* complaints liberally," such that "litigants with meritorious claims [are] not . . . tripped up in court on technical niceties." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985) (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978)). Yet, *pro se* lawsuits "may present obscure or extravagant claims defying the most concerted efforts to unravel them," and therefore "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Id.* at 1278. The Fourth Circuit's holding in *Gordon*, 574 F.2d 1147, "does not require [district] courts to conjure up questions never squarely presented to them," as "[d]istrict judges

are not mind readers," and "[e]ven in the case of *pro se* litigants, they cannot be expected to construct full blown claims from sentence fragments . . . ." *Beaudett*, 775 F.2d at 1278.

### III. DISCUSSION

Defendant alleges that "Plaintiff's so-called 'complaint' wholly fails to conform to the pleading requirements set forth in Fed. R. Civ. P. 8," and "does not include any of the basic information necessary to be properly considered a complaint." Def.'s Mem. 2. According to Defendant, "Plaintiff's 'complaint' contains none of the information required by Rule 8(a)." *Id*. at 6. Specifically, with regard to Rule 8(a)(2)'s requirement of "a short and plain statement of the claim showing the pleader is entitled to relief," Defendant contends that "Plaintiff has failed to articulate a single fact demonstrating how or why Green Tree violated the statutes to which she refers," such that she "fail[s] to state a plausible claim for relief."[2] *Id*. at 2. In Defendant's view, "[t]he allegations of Plaintiff's 'complaint,' to the extent they can be properly characterized as such, are nothing more than an unadorned collection of vague and conclusory statements, in which Plaintiff fails to plead any specific facts supporting the claim that Green Tree somehow violated the law." *Id*. at 6–7. Additionally, Defendant argues that "Plaintiff fails to identify a single provision of RESPA and TILA that Green Tree allegedly violated." *Id*. at 7. Defendant also contends that "Plaintiff's pleading does not contain a demand for relief," Def.'s Mem. 6, as required by Rule 8(a)(3).

---

[2] Defendant also contends that "Plaintiff has failed to include any allegations as to the grounds for the court's jurisdiction." Def.'s Mem. 6. However, Defendant removed the case to this Court and therefore has the burden of showing that this Court has jurisdiction. *See Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)).

4

Plaintiff references three statutes in her Complaint: TILA, RESPA, and GLBA. She alleges that Defendant violated TILA by "withholding certain disclosures and documentation." Compl. 1. She also appears to claim that Defendant violated RESPA by making "loan servicing errors." *Id.* Plaintiff does not state which provisions of these statutes Defendant violated. With regard to the GLBA, Plaintiff alleges neither how Defendant violated the statute, nor which provision Defendant violated.

*Ridgeway v. Novastar Mortgage, Inc.*, Civil Action No. RDB-09-1814, 2009 WL 5217034 (D. Md. Dec. 30, 2009), is informative. There, the *pro se* plaintiffs filed a complaint against various defendants, alleging, *inter alia*, violations of TILA and RESPA. *Id.* at *1. However, "Plaintiffs generally plead legal conclusions," such as "'Nova Star Mortgage et al has failed to make the disclosures required by [TILA],' and, 'I was not given the HUD booklet on loans within 3 days of making application nor was I given a Good Faith Estimate within three days of making application as required by [RESPA].'" *Id.* (quoting complaint). This Court dismissed the complaint because the plaintiffs "did not specify acts by any of the Defendants took that could form the basis of a claim under either Act." *Id.* at *3. In addition, the Court noted that "Plaintiffs' purported claims under RESPA also fail since it does not provide a private right of action." *Id.*

Even when construed liberally, *see Beaudett*, 775 F.2d at 1278, neither of Plaintiff's two cursory and vague factual allegations sufficiently states a claim. *See Iqbal*, 556 U.S. at 678–79. Plaintiff's Complaint contains far fewer facts than those pleaded in *Ridgeway*, 2009 WL 5217034, at *3, where this Court deemed the pleading insufficient. Here, it is not clear what actions lead to Plaintiff's allegations, what Defendant could do to remedy these allegations, or what relief the Court in particular could provide. *See* Fed. R. Civ. P. 8(a)(2)–(3). Indeed,

5

Plaintiff has not identified the provisions that Defendant purportedly violated, let alone recited the elements of any such violation. *See id.*; *Twombly*, 550 U.S. at 555. It is questionable whether she even has provided "labels and conclusions." *See Twombly*, 550 U.S. at 555. Plaintiff has not pleaded enough facts for me "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 663. No amount of "generous construction" can build a claim for Plaintiff with any degree of accuracy, as claim construction on Plaintiff's behalf would involve guesswork and therefore is not appropriate. *See Beaudett*, 775 F.2d at 1278. Thus, Plaintiff certainly has not stated "a plausible claim for relief." *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. Therefore, Defendant's Motion is GRANTED. *See* Fed. R. Civ. P. 12(b)(6); *Velencia*, 2012 WL 6562764, at *4; *Ridgeway*, 2009 WL 5217034, at *3.

## IV. CONCLUSION

Defendant's Motion to Dismiss is GRANTED, and Plaintiff's Complaint is DISMISSED.

A separate order shall issue.

Dated: <u>October 30, 2013</u>   _____ /S/_____
Paul W. Grimm
United States District Judge

lyb